UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CLAUDIA NIETO MOZ                              CIVIL ACTION NO. 26-1173

                                              SECTION P
VS.
                                              JUDGE ALEXANDER C. VAN HOOK

MARKWAYNE MULLIN, ET AL.                      MAG. JUDGE KAYLA D. MCCLUSKY

## REPORT AND RECOMMENDATION

Petitioner Claudia Nieto Moz,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  Respondents oppose the petition. [doc. # 7].  For reasons below, the Court should, as explained below, grant the petition on the basis of Petitioner's statutory claim.

## Background

Petitioner is a citizen of El Salvador.  [doc. # 1, p. 1].  "She entered the United States in or about June 26, 2014.  Shortly after entry, Petitioner was apprehended by immigration authorities[.]" *Id.*

On June 30, 2014, DHS released Petitioner on recognizance expressly under 8 U.S.C. § 1226.  [doc. # 1-3].  "Petitioner relocated to Alabama, where she established a stable family life. She currently resides with her spouse and their four children."  [doc. # 1, p. 17].  "As a result of

---

[1] Petitioner's "A-Number" is 206-847-804.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Petitioner's detention, her family is experiencing severe hardship.  Since the start of her detention, her children have been experiencing significant emotional distress and cry daily due to their mother's absence.  Their academic performance has declined.  She is the sole breadwinner for her family." *Id.* at 18-19.

On January 25, 2020, an immigration judge ordered Petitioner removed from the United States to El Salvador.  [doc. #s 1, p. 17; 1-4, p. 15].  Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA").  [doc. # 1, p. 17].  On July 7, 2025, the BIA affirmed the immigration judge's order.  *Id.*  Petitioner "appealed to the Fourth Circuit, where the Honorable Judge Quattlebaum, as well Honorable Judge Agee and Honorable Judge Wynn, issued a stay of removal on December 29, 2025." *Id*. at 17-18.

On approximately December 8, 2025, ICE re-detained Petitioner under a "Form I-205 Warrant of Removal." [doc. #s 1, p. 1; 7-4, p. 1].  "Petitioner presented herself for her scheduled ICE check-in which proceeded normally.  Once Petitioner had left the ICE office, she was called by the ICE officer who asked her to return to remove her ankle monitor.  Petitioner returned, complying with ICE instructions, and was taken into custody." *Id.* at 18.

Petitioner filed this proceeding on April 13, 2026.  [doc. # 1].  She first claims that the Government is violating the *Accardi* Doctrine by detaining her in violation of regulations.  *Id.* at 19.  She argues: "Petitioner's arrest took place without a revocation of her Order of Release on Recognizance, 8 C.F.R. § 236.1(c)(9).  This regulation was designed to protect the Fifth Amendment due process rights of noncitizens like Petitioner." *Id.*

Next, Petitioner claims that the Government violated her right to substantive due process by denying her a bond hearing.  [doc. # 1, p. 21].

Finally, Petitioner claims that she is detained under 8 U.S.C. § 1226 and is therefore entitled to a bond hearing.  [doc. # 1, p. 22].

Respondents opposed the petition on May 20, 2026.  [doc. # 7].  Petitioner filed a reply on June 3, 2026.  [doc. # 14].

## Law and Analysis

### I. Mootness

Respondents argue that one issue at bar—whether Petitioner is detained under 8 U.S.C. § 1225 or 1226—is moot because the BIA denied Petitioner's appeal and she is, therefore, detained under 8 U.S.C. § 1231.  [doc. # 1, p. 7].

Under 8 U.S.C. § 1231(a)(1)(B): "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final.  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.  (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."

Here, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which stayed her removal.  [doc. # 1-6].  Thus, under Section 1231(a)(1)(B)(ii), Petitioner's removal order is not administratively final, she is not detained under Section 1231, and her claim is not moot.

### II. 8 U.S.C. § 1225 Versus 8 U.S.C. § 1226

Petitioner is detained under 8 U.S.C. § 1226 because ICE arrested her under a warrant.

Section 1226(a)-(b) provides:

(a) Arrest, detention, and release

On a <u>warrant</u> issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the

3

United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

(b) Revocation of bond or parole

The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.

8 U.S.C. § 1231(a)-(b) (emphasis added).

In *Moreno Madrid v. Brian Acuna, et al.*, 3:25-cv-1572 at Doc. 19 (W.D. La. December 12, 2025), District Judge Terry A. Doughty opined: "Petitioner in this case has provided proof of arrest warrant [sic] and Respondents do not contest the warrant's authenticity. As Petitioner has satisfied the 'one express requirement' for her detention to fall within 8 U.S.C. § 1226(a), the Court finds that 8 U.S.C. § 1226 should apply instead."

In *de Leon v. Ladwig*, No. 6:25-CV-01884, 2026 WL 19095, at *5 (W.D. La. Jan. 2, 2026), District Judge David C. Joseph noted: "Petitioners do not allege that they were arrested on a warrant issued under § 1226(a), further indicating that Petitioners are properly detained under § 1225(b), not § 1226(a)."

Other district courts across the country agree that when a petitioner is arrested under a warrant, she is detained under Section 1226. *See Mendoza-Menjivar v. Bondi*, No. 1:25-CV-

2060-DAE, 2026 WL 89964, at *4 (W.D. Tex. Jan. 12, 2026) ("Section 1226(a) applies to noncitizens arrested and detained '[o]n a warrant issued by the Attorney General[.]'"); *Castellano v. Blanche*, No. 26-CV-112-WMC, 2026 WL 1493778, at *1 (W.D. Wis. May 28, 2026) ("In contrast, 8 U.S.C. § 1226(a) governs detention of any noncitizen who is arrested on a warrant issued by the Attorney General while 'already in the country.'"); *Hurtado-Medina v. Raycraft*, No. 25-CV-13248, 2025 WL 3268896, at *1 (E.D. Mich. Nov. 24, 2025) ("The Court agrees with Petitioners. Their circumstances fall within the plain language of Section 1226(a): they were arrested and are being detained under warrants issued by federal law enforcement officers acting pursuant to the authority of the Attorney General.  They are therefore entitled to a bond hearing under Section 1226(a)."); *Alcantara Guerrero v. Wesling*, No. 1:26-CV-10928-JEK, 2026 WL 931503, at *1 (D. Mass. Apr. 6, 2026); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *11 (S.D.N.Y. Jan. 30, 2026).

Here, DHS expressly released Petitioner under "section 236 of the Immigration and Nationality Act," which is codified under 8 U.S.C. § 1226.  [doc. # 1-3, pp. 1, 3].  Then, ICE re-detained Petitioner under a "Form I-205 Warrant of Removal/Deportation[.]"  [doc. # 7-4].  Because it arrested her under a "warrant issued by the Attorney General," Petitioner is detained under Section 1226.[3]

On February 6, 2026, the Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A), even when they have been present in the United States for many years.  *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225.  *Id.*  The court

---

[3] Respondents do not address the import of Petitioner's re-detention under a warrant.

concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A).  *Id.*

In *Buenrostro-Mendez*, however, the petitioners were not arrested under warrants. *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at n.2 (S.D. Tex. Oct. 7, 2025), *rev'd and remanded,* 166 F.4th 494 (5th Cir. 2026) (noting that Buenrostro was not arrested with a warrant).  Nor did the court address the effect of re-detaining a petitioner expressly released under Section 1226 and then re-detained under a warrant.  The Fifth Circuit did, however, recognize that Section 1226 applies "'[o]n a warrant issued by the Attorney General . . . .'" *Buenrostro-Mendez*, 166 F.4th at 499.

Because Petitioner is detained under Section 1226(a), she is entitled to a bond hearing before a neutral decisionmaker.  Section 1226(a)(2)(A) plainly permits the Attorney General "to release detained aliens on" bond.  *Buenrostro-Mendez*, 166 F.4th at 499.

### **Recommendation**[4]

For reasons above, **IT IS RECOMMENDED** that Petitioner Claudia Nieto Moz's petition be **GRANTED** on the basis of her claim that she is detained under 8 U.S.C. § 1226. Respondents shall, within **ten (10) days**, reclassify Petitioner as detained under 8 U.S.C. § 1226(a) and afford Petitioner a bond hearing before an immigration judge where the immigration judge must order Petitioner's release on bond if he or she determines that the Government has not carried its burden of proving that Petitioner poses a flight risk or a danger to the community. Respondents shall provide Petitioner adequate notice of the hearing.  The parties shall file a joint status report within 48 hours after the hearing, confirming that the hearing was conducted and

---

[4] The undersigned finds no need to address any claim or request for relief not addressed herein.

notifying the Court whether Petitioner was granted bond and released or, if her request for bond was denied, providing the reasons for that denial.

**IT IS FURTHER RECOMMENDED** that, if Respondents do not provide the hearing above within ten (10) days, Respondents shall release Petitioner from custody in accordance only with any terms and conditions of her prior release on recognizance, without any additional bond requirements or new conditions.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of June, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

7